John J. Dillon, 8.
In this proceeding the petitioner seeks an order directing the executors to turn over and deliver to her the sum of $2,000, with interest from December 20, 1957, and 8,000 shares of stock in Neptune Meter Co., Inc., plus the dividends earned on such stock from the date of testator’s death. The within application is the direct outgrowth of a probate contest which was settled pursuant to a stipulation entered into in open court on November 21, 1957, wherein the present petitioner withdrew her objections to probate and agreed to deliver certain letters written to her by the decedent in exchange for the payment of $2,000 and all benefits conferred upon her under the will.
Thereafter the petitioner made demand upon the executors for delivery of the assets provided for in the settlement agreement, and upon their refusal to comply with such demand, she instituted an action against them in the Federal District Court. *271 Without determining the merits of the petitioner’s cause of action, the court dismissed the complaint and in effect referred tire entire matter hack to the Surrogate for determination. Thereupon the petitioner instituted the present proceeding and the executors interposed an answer to the petition in which they object to the payment of interest and dividends being sought by the petitioner, and in addition thereto request the court to impose the expenses of defending the action in the Federal court on the petitioner’s share of the estate on the ground that such action was instituted ‘ ‘ wrongfully, maliciously and in bad faith ”.
Under subdivision “a” of article u second ” of testator’s will the petitioner was bequeathed 3,000 shares of stock in Neptune Meter Co., Inc. It is well established that if such gift constitutes a specific legacy, the petitioner is entitled not only to the shares of stock, but to the dividends earned thereon subsequent to the time the gift vested in her. (2 Davids, New York Law of Wills, § 1054.) In order to determine whether such gift is a general legacy or a specific legacy, it will be necessary for the court to construe the testator’s will and since all the interested parties are not before the court in this proceeding, the necessary construction will be postponed until the time of the accounting proceeding. The court further determines that the petitioner is not entitled to any interest on the $2,000.
The executors contend that the petitioner must bear her proportionate share of the estate tax' with respect to the benefits to be received by her. In the absence of directions to the contrary, section 124 of the Decedent Estate Law expressly requires that estate taxes must be apportioned among the persons benefitted in proportion to the value of the property to be received by them. However, since the testator clearly and unequivocally directed that all estate taxes be paid out of the residuary estate, the court determines that the petitioner is not liable for the payment of any such taxes.
A hearing was held on October 20, 1958 and the evidence adduced at such hearing failed to establish that the petitioner acted “ wrongfully, maliciously and in bad faith ” in instituting the action against the executors in their individual capacity in the Federal court. In retrospect it clearly appears that it would have been in the best interests of all parties concerned if the petitioner had awaited the passage of seven months from the date when letters testamentary were issued to the executors before instituting any proceeding to compel compliance with the settlement agreement. Perhaps if the petitioner and the execu *272 tors had been more co-operative, the unnecessary expenses incurred by them in the course of litigation could have been avoided. However, under the circumstances existing in this case and in view of the fact that the executors have failed to sustain their contention that the petitioner acted in bad faith, the court feels that it would be grossly unjust and inequitable to impose the total costs of litigation on the estate as the petitioner has requested, or upon the petitioner as the executors have requested. Accordingly, the court determines that the expense of defending the Federal court action must be borne by the estate and the expense of prosecuting that action must be borne by the petitioner.
The parties to the proceeding have not been able to agree as to whether the petitioner has tendered or is prepared to deliver all of the letters to the executors as provided for in the settlement agreement. Therefore, unless such issue can be resolved, this matter will be restored to the calendar at 10:30 a.m., December 9, 1958, on the application of any party for the purpose of determining such issue. The executors are directed to turn over and deliver the sum of $2,000 and the 3,000 shares of Neptune Meter Co., Inc., stock upon receipt of the letters from the petitioner.
Proceed accordingly and settle order.